UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **249 MISSOURI AVE COMMUNITY DEVELOPMENT LLC**,<br><br>Plaintiff,<br><br>v.<br><br>**PHH MORTGAGE CORPORATION, et al.**<br><br>Defendants. | Case No. 22-cv-2678 |

## MEMORANDUM OPINION AND ORDER

Plaintiff 249 Missouri Ave Community Development LLC purchased real property at that address in Northwest Washington, D.C. ("Property") subject to an existing promissory note and deed of trust. When Plaintiff defaulted on the note, foreclosure proceedings were initiated against the Property. Plaintiff then sued the holders of the deed of trust, the loan servicer, and the property manager (collectively, "Defendants") for trespass and conversion. Specifically, Plaintiff alleges that the loan servicer instructed the property manager to trespass onto the Property to make unauthorized alterations, including changing the locks and removing a floor. Plaintiff also accuses Defendants of conversion on the theory that those alterations lowered the Property's value and some items were taken from the premises. Defendants now move to dismiss the complaint for failure to state a claim.

The Court will grant that relief in part. The bank and trust that hold the deed are dismissed from the case, as there are no specific allegations that they engaged in or directed any of the alleged misconduct. Because the Court cannot say with certainty that the alleged alterations were authorized by the deed of trust, Plaintiff's trespass claims may proceed against

the loan servicer and the property manager. Plaintiff's conversion claim may proceed against the property manager, but only for the items that were allegedly removed from the Property.

**I.   Background**

When ruling upon a motion to dismiss for failure to state a claim, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." Gustave-Schmidt v. Chao, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624–25 (D.C. Cir. 1997)). The court may take judicial notice of matters of public record, including judicial proceedings. See Covad Commc'ns Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005). The Court draws the following background from these sources.

In February 2006, Benjamin Graves obtained a bank loan to purchase the Property and secured the loan with a promissory note and deed of trust. Compl. ¶¶ 7–8; DGG's Mot. Dismiss, ECF No. 7, Ex. 1 ("Deed of Trust"). In September 2006, Plaintiff purchased the Property from Graves. Compl. ¶ 9; Reply, ECF No. 15, Ex. 1 at 12 ("Foreclosure Compl."). The complaint does not allege that the loan was satisfied as part of the sale. See Compl. ¶¶ 9–10, 23 (pg. 3).[1]

Years later, the original lender assigned the deed of trust to HSBC Bank USA National Association ("HSBC"), which held that interest as a trustee for ACE Securities Corp Home Equity Loan Trust, Series 2006-OP1 ("ACE").[2] PHH's Mot. Dismiss, ECF No. 8, Ex. B

---

[1] As Plaintiff itself admits, the complaint "is filled with mistakes, errors, and omissions." Opp'n Mots. Dismiss at 2. Among those errors are the repetition and misordering of numbered paragraphs. Accordingly, the Court refers to the page number of the complaint when necessary.

[2] While the complaint asserts that ACE and HSBC have "no legal right to enforce the Note," Compl. ¶¶ 17–20, the Court may take judicial notice of the assignment of the deed and need not credit the complaint's conclusory assertions to the contrary. See Lancaster v. Fox, 72 F.

("Notice of Assignment"). The deed of trust grants the lender the authority to "do and pay for whatever is necessary to protect the value of the Property," including "entering on the Property to make repairs" if the borrower fails to fulfill its obligations or there is a legal proceeding that may significantly affect the lender's rights in the Property. Deed of Trust ¶ 7.

The complaint alleges that HSBC, ACE, and the loan servicer, PHH Mortgage Corporation ("PHH"), declared the loan in default and that PHH initiated foreclosure proceedings. Compl. ¶¶ 23–24 (pg. 3). The complaint further alleges that PHH instructed a property management company, DGG RE Investments LLC ("DGG"), to enter the Property and make alterations, even though Plaintiff still owned the Property. Id. ¶¶ 4, 22–24 (pg. 4), 36 (pg. 5). According to Plaintiff, DGG changed the locks on the Property, removed a floor which "rendered the Property dangerous and uninhabitable," and "removed certain personal items and tools from the property, including but not limited to, a dolly, screwdriver, drill[,] and door locks." Id. ¶¶ 22–23, 27, 31 (pgs. 4–5). As Plaintiff tells it, the "alterations did not constitute repairs," "were not necessary to protect the value of the Property and the Lender's rights in the property," and reduced the Property's value. Id. ¶¶ 29–30 (pg. 5).

Plaintiff filed suit in D.C. Superior Court against Defendants for trespass, conversion, slander of title, unjust enrichment, and fraud. 249 Missouri Ave Cmty. Dev., LLC v. PHH Mortg. Corp. et al, No. 2022 CA 003359B (D.C. Super. filed July 29, 2022). Defendants removed this case to federal court based on diversity jurisdiction.[3] Notice of Removal at 2–3.

---

Supp. 3d 319, 321 n.1 (D.D.C. 2014) (taking judicial notice of deed of trust and assignment of the deed because they were public records filed in the Official Records of the District).

[3] This is the third complaint Plaintiff has filed concerning this subject matter against Defendants. The prior action, which included a complaint and an amended complaint, was filed in this District before a different judge and was voluntarily dismissed. 249 Missouri Ave Cmty. Dev., LLC v. PHH Mortg. Corp. et al, No. 21-cv-2408 (RDM) (D.D.C. 2021). This Court learned of the prior suit only recently because neither side designated this case as related to the

3

DGG moved to dismiss, DGG's Mot. Dismiss, ECF No. 7, and PHH, ACE, and HSBC followed with a separate motion to dismiss, PHH's Mot. Dismiss, ECF No. 8.  In its opposition to the motions to dismiss, Plaintiff withdrew its claims for slander of title, unjust enrichment, and fraud, leaving only the trespass and conversion claims.  Opp'n Mots. Dismiss at 2.

## II. Standard of Review

Defendants move to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  When analyzing a 12(b)(6) motion, the "court assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor but is not required to accept the plaintiff's legal conclusions as correct."  Sissel v. U.S. Dep't of Health & Human Servs., 760 F.3d 1, 4 (D.C. Cir. 2014) (citation omitted).  To survive, the complaint must contain sufficient facts that, if accepted as true, state a plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III. Analysis

### A. Dismissing HSBC & ACE

As an initial matter, Defendants ACE, HSBC, and PHH argue that they should be dismissed from the case because only DGG is alleged to have trespassed on the premises and converted any property.  PHH's Mot. Dismiss at 7–8. Generally, the court can dismiss a defendant when there are no allegations made against them.  See, e.g., Crowder v. Bierman,

---

prior suit when the case was removed, which they should have done under the Court's local rule on related cases.  See LCvR 40.5(a)(4) ("[Cases] shall be deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter.").  Because the Court had already invested time into the case, it will not transfer the case to the prior judge to avoid unnecessary duplication of effort.

Geesing, & Ward LLC, 713 F. Supp. 2d 6, 8–9 (D.D.C. 2010) (dismissing defendants where there were "no factual allegations concerning any actions by [them]").

Turning to the complaint, Plaintiff does not allege any specific actions undertaken by ACE or HSBC relating to the trespass or conversion claims. Nor does the complaint allege that ACE or HSBC instructed PHH or DGG to enter the Property, make the alterations, or remove the items. At most, the complaint alleges that "DGG was acting at the behest of PHH which claims it is working within the scope of loan servicing duties for HSBC and ACE." Compl. ¶ 45. But that is not sufficient to support any allegations against either HSBC or ACE.[4] The complaint does allege specific actions undertaken by PHH, including that "PHH instructed DGG to enter into and make alterations to the Property" and that "PHH instructed DGG to change the locks on the Property." Compl. ¶¶ 22–23 (pg. 4). Accordingly, the Court will dismiss HSBC and ACE from the case, but not PHH.[5]

B. Trespass

"A trespass is an unauthorized entry onto property that results in interference with the property owner's possessory interest therein." Sarete, Inc. v. 1344 U St. Ltd., 871 A.2d 480, 490 (D.C. 2005) (internal quotation omitted). Plaintiff asserts that Defendants trespassed when DGG personnel entered the property, changed the locks, and removed a floor. Compl. ¶¶ 22–24 (pg.

---

[4] The complaint does include the allegation that "Defendants, either directly or indirectly, caused individuals to enter into the Property, make alterations and remove certain personal property[.]" Compl. ¶ 64 (pg. 10). But the lack of specificity as to "Defendants" and the lack of any supporting allegations in the rest of the complaint militate against reading this paragraph as asserting that HSBC or ACE were responsible for the trespass or conversion. See Jung v. Ass'n of Am. Med. Colls., 300 F. Supp. 2d 119, 163–64 (D.D.C. 2004) (plaintiffs' generic use of "defendants" was inadequate to meet their burden of alleging that each defendant was a participant in the conspiracy).

[5] Defendants also argued that the case should be dismissed because Plaintiff was administratively dissolved by the District of Columbia. Plaintiff has since filed proof that its status was restored, ECF No. 11, so the Court will not dismiss the case on that ground.

4), 27 (pg. 5). Plaintiff insists that "DGG had no right to enter into Property [sic]," id. ¶ 33 (pg. 5), and that, even if the deed of trust did grant Defendants some authority to enter, they exceeded that authority by damaging the Property. Opp'n Mot. Dismiss at 2–4. The Court can easily dispense with Plaintiff's first theory but cannot decide the latter at this stage of the litigation.

HSBC and ACE, and by extension their loan servicer and property manager, were authorized to enter the Property by their assigned interest in the deed of trust. Notice of Assignment ("[Original lender] does hereby grant, sell, assign, transfer and convey to [HSBC] as Trustee for [ACE] all the right, title and interest of the undersigned Assignor in and to the below described Deed of Trust[.]"). Under the D.C. Code, the authority to enforce the deed of trust transferred to ACE and HSBC when it was assigned to them. See D.C. Code § 28:3–203(b) ("transfer of an instrument . . . vests in the transferee any right of the transferor to enforce the instrument."); Duffy v. Bank of America, N.A., 13 F. Supp. 3d 57, 61 (D.D.C. 2014). The deed of trust expressly authorizes ACE and HSBC to "do and pay for whatever is necessary to protect the value of the Property" including "entering on the Property to make repairs" if the borrower fails to fulfill its obligations or there is a legal proceeding that may significantly affect ACE and HSBC's rights in the Property. Deed of Trust ¶ 7. That predicate condition was met when the loan went into default and foreclosure proceedings ensued. See Compl. ¶¶ 23–24 (pg. 3). Accordingly, Defendants had *some* authority to enter the Property and take action to protect their investment.

What is unclear at this stage is whether that authority was exceeded. An authorized entrance onto property can become a trespass when the scope of authority is exceeded. See Restatement (Second) of Torts § 214 ("An actor who has in an unreasonable manner exercised any privilege to enter land is subject to liability for any harm to a legally protected interest of another caused by such unreasonable conduct."). For example, an individual who enters

6

property by authority of the deed or by consent, but then damages the property, can be liable for trespass for exceeding the scope of permission.  See Norris v. PNC Bank, N.A., No. CV ELH-20-3315, 2022 WL 2193303, at *31 (D. Md. June 16, 2022) ("[I]f the Deed authorized entry into or onto the Property, but once inside defendants damaged or destroyed property in a manner not authorized by the Deed, then this could still constitute a trespass[.]"); see also Democracy Partners v. Project Veritas Action Fund, 285 F. Supp. 3d 109, 119 (D.D.C. 2018) (allegation that defendant "exceeded the scope of any consent" was sufficient to state a claim for trespass).

Plaintiff has alleged that the alterations to the Property by DGG exceeded the scope of authority granted by the deed, including locking Plaintiff out of the Property for months and "remov[ing] a floor" which "rendered the Property dangerous and uninhabitable."  Compl. ¶¶ 24 (pg. 4), 27 (pg. 5), 43 (pg. 6).  The complaint further contends that the alterations "were not necessary to protect the value of the Property" and that the changes "damaged the [P]roperty and reduced [its] value[.]"  Compl. ¶¶ 29–30 (pg. 5).  These allegations are not overly "conclusory," as Defendants argue.  DGG's Mot. Dismiss at 7; PHH's Reply at 3.  In particular, Plaintiff alleges that it was locked out of the Property for two months, even after efforts to regain access to the Property, and that the removal of a floor made the Property dangerous and unfit for use.  Compl. ¶¶ 27 (pg. 5), 37–43 (pg. 6).  These allegations are sufficient to plausibly allege that PHH and DGG trespassed by exceeding the scope of their authority to enter the Property to protect its value.  Whether the allegations are true is a matter best resolved after discovery.  Accordingly, the Court will permit the trespass claim to proceed against PHH and DGG on the theory that the alterations to the Property exceeded the scope of authority provided by the deed of trust.

C. Conversion

"Under District of Columbia law, the tort of conversion requires 'an unlawful exercise of ownership, dominion and control over the personalty of another in denial or repudiation of his right to such property.'" Chen v. Bell-Smith, 768 F. Supp. 2d 121, 150 (D.D.C. 2011) (quoting Dennis v. Edwards, 831 A.2d 1006, 1013 (D.C. 2003)).  Plaintiff alleges that the Defendants are liable for conversion because the alterations reduced the value of the Property and some items were removed from the premises.  Compl. ¶¶ 30–31 (pg. 5).  But Plaintiff's allegation is overly broad as to what was converted and who was responsible.

As an initial matter, it is black letter law that "in the District of Columbia, 'the law of conversion does not apply to real property.'" Chen v. Bell-Smith, 768 F. Supp. 2d 121, 150 (D.D.C. 2011) (quoting Dixon v. Midland Mortg. Co., 719 F. Supp. 2d 53, 56–57 (D.D.C. 2010)).  So any of Plaintiff's allegations involving conversion of the Property itself must be dismissed.

Further, Plaintiff has not alleged that PHH was involved in the alleged conversion.  The complaint alleges that "DGG took possession and removed certain personal items and tools from the property, including but not limited to, a dolly, screwdriver, drill and door locks."  Compl. ¶ 31 (pg. 5).  Nowhere does Plaintiff plainly assert that PHH directed DGG to take the items.  And as discussed before, the generic use of "Defendant" in the complaint without any supporting facts is insufficient to plausibly allege PHH's involvement.  See supra note 4.  Nor could Plaintiff ascribe liability to PHH under an agency theory because the alleged taking of the items is not within DGG's scope of employment.  See Schecter v. Merchs. Home Delivery, Inc., 892 A.2d 415, 428–29 (D.C. 2006) (collecting cases for the proposition that theft is not within the scope of employment).

8

DDG's own briefing "does not challenge that Plaintiff has stated a claim for conversion at this stage of the litigation based on the dolly and tools identified in the complaint." DGG's Mot. Dismiss at 9 n.4. Accordingly, the conversion claim may proceed only against DGG and only for the specific items that were purportedly removed from the Property.

### D. Diversity Jurisdiction

As a final point, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists[.]" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). For cases arising under diversity jurisdiction, the Court must ensure that there is "complete diversity" between the parties, meaning that "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). The wrinkle here is that Plaintiff is a limited liability corporation and the citizenship of each of its constituent members is relevant to the analysis. See Laroach v. BridgePoint Healthcare, No. 18-cv-1096 (CRC), 2018 WL 6434768 (D.D.C. Dec. 7, 2018). But Plaintiff has yet to provide that information, even after being directed by the Court on at least two occasions to do so. See Min. Order (Apr. 6, 2023); Min. Order (Apr. 25, 2023). The Court again directs Plaintiff to file a notice indicating the citizenship of its members without further delay, or risk dismissal of the case for failure to establish subject matter jurisdiction.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant DGG's [7] Motion to Dismiss and Defendants PHH, ACE, and HSBC's [8] Motion to Dismiss are GRANTED in part and DENIED in part. The Court will dismiss HSBC and ACE from the case. Plaintiff's trespass claim may proceed against PHH and DGG on the theory that their actions allegedly exceeded the scope of authority provided by the

deed of trust. Further, Plaintiff's conversion claim may only proceed against DGG for the items allegedly removed from the Property. It is further

**ORDERED** that Plaintiff will file a notice of the citizenship of its constituent members by August 16, 2023.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  August 9, 2023